# FOR PUBLICATION



FILED

Oct 25 2013, 5:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON LEE SOWERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1208-CR-640 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Donald E. Currie, Judge
Cause No. 08C01-1108-FC-16

**October 25, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**BROWN, Judge**

Jason Lee Sowers petitions for rehearing following our published opinion in Sowers v. State, 988 N.E.2d 360 (Ind. Ct. App. 2013), in which we held that the communication between the bailiff and the foreperson resulted in fundamental error and reversed Sowers's convictions for criminal recklessness as a class D felony, resisting law enforcement as a class D felony, and his adjudication as an habitual offender, and remanded for proceedings. On rehearing, Sowers raises one issue, which we revise and restate as whether this court should address an insufficient evidence claim. For the following reasons, we grant Sowers's petition for rehearing.

Sowers argues on rehearing that he raised a claim of insufficient evidence of sanity on appeal, the State responded, and the claim was addressed in Sowers's reply brief, but this court did not address the insufficient evidence of sanity claim. Sowers contends that this court should address his "insufficient of evidence of sanity claim to ensure that the double jeopardy clause of the federal constitution will not be violated by retrial." Petition for Rehearing at 2. Sowers also argues that "[w]hen considering the totality of the circumstances including the undisputed evidence that Sowers was in the midst of a severe psychotic episode that resulted in his emergency detention in a mental facility immediately after the alleged crimes concluded, his demeanor, along with the fact that he could see the police, are not evidence of sanity." Id. at 3.

Initially, we observe that Sowers raised two issues in his statement of issues. One issue related to the communication between the bailiff and the jury foreperson. The other issue was "[w]hether the jury erroneously rejected [his] insanity defense on the charges of Criminal Recklessness and Resisting Law Enforcement while finding him not responsible by reason of insanity on the charge of Battery by Means of a Deadly Weapon

2

that was a part of the same criminal episode." Appellant's Brief at 1. In his dissent in this case, Judge Bradford stated that "Sowers's claim should instead be framed as whether the evidence was sufficient to sustain the jury's determination that Sowers was able to appreciate the wrongfulness of his conduct." 988 N.E.2d at 372. While Sowers did not phrase the issue as one of sufficiency of evidence, we will address his arguments to the extent that he raised the issue in his appellant's brief and petition for rehearing and to the extent that we must determine whether the evidence was sufficient to permit retrial. See Hernandez v. State, 785 N.E.2d 294, 301 (Ind. Ct. App. 2003) (reversing the defendant's convictions in light of the erroneous admission of evidence, holding that double jeopardy forbids a retrial if the reviewing court concludes that the evidence is legally insufficient to support the conviction, and addressing whether the evidence of the charges was sufficient to permit retrial), trans. denied.

In his dissent, Judge Bradford addressed the sufficiency of evidence, stated that it was for the jury to weigh the evidence including the reports submitted by Drs. Little and Rogers as well as Detective Blackwell's testimony, and concluded that the evidence was sufficient to support the jury's determination regarding Sowers's mental state. 988 N.E.2d at 372-373. We adopt Judge Bradford's analysis on this issue and conclude that the evidence is sufficient to permit retrial.

For the foregoing reasons, we grant Sowers's petition for rehearing and remand for proceedings consistent with this opinion.

BRADFORD, J., concurs.

RILEY, J., would deny petition for rehearing.

3